SUMMARY ORDER
Petitioner Yi Cui Sun (A78-858-620), through counsel, petitions for review of the July 2004 order of the BIA summarily dismissing her appeal from the decision of Immigration Judge Roxanne C. Hladylowycz (the “IJ”), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history, which we reference only as necessary to explain our decision.
In her petition, Sun challenges only the denial of her CAT claim. To establish her claim for relief under the CAT, Sun had to prove that “it is more likely than not that ... she would be tortured if removed to the proposed country of removal,” ie., China. 8 C.F.R. § 1208.16(c)(2); see also Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159 (2d Cir.2005). Where, as here, the BIA summarily affirms the IJ, we review the IJ’s decision as the final agency determination. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). We review factual findings under the substantial evidence standard, which means that they will be upheld “unless [the petitioner] demonstrates that the record evidence was so *213 compelling that no reasonable factfinder could fail to find [her] eligible for relief under the Convention Against Torture.” Mu Xiang Lin, 432 F.3d at 159 (internal citations and quotation marks omitted); see also 8 U.S.C. § 1252(b)(4)(B).
Here, Sun asserts that she would more likely than not be tortured if removed to China, and that the IJ’s conclusion to the contrary was not supported by substantial evidence. In support of her claim, Sun’s sole argument—which she advances through reference to non-particularized background evidence such as newspaper articles and reports from non-governmental organizations—is that repatriated Chinese citizens who have illegally entered the United States are frequently imprisoned and tortured, and that this fate will therefore more likely than not befall her.
In Mu Xiang Lin, however, this Court expressly held that substantial evidence supported an IJ’s finding that a petitioner is not “entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.” Mu Xiang Lin, 432 F.3d at 160-61 (emphasis in original). We explained that “[w]ere such a showing sufficient to secure relief under the CAT, any asylum-seeker arriving in the United States illegally from China would equally be entitled to such relief. Neither the CAT, nor the domestic regulations implementing that Convention, anticipate or require such a result.” Id. at 160. Thus, while “conced[ing] that there is a risk that any individual detainee in China may be subjected to repressive conditions in prison,” we held that this generalized risk alone did not suffice to carry the burden of demonstrating that a petitioner was more likely than not to be tortured if repatriated to China. Id. This holding is directly applicable to Sun’s claim. We therefore conclude that the IJ’s determination that Sun was not more likely than not to be subjected to torture if returned to China, and was thus not entitled to relief under the CAT, was supported by substantial evidence.
Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.